IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHARRON L. NORTON                                                    PLAINTIFF

vs.                                    Civil No. 4:10-cv-04148

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sharron L. Norton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on August 30, 2006.  (Tr. 21, 94-102). In her applications, Plaintiff alleged she was disabled due to severe depression.  (Tr. 117).  These applications were denied initially and again on reconsideration.  (Tr. 72-75).  Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

41-71, 89).  An administrative hearing was held on August 15, 2008 in Texarkana, Arkansas.  (Tr.

41-71).  At this administrative hearing, Plaintiff was present and was represented by counsel, Ashley

Hunt.  *Id.*  Plaintiff and Vocational Expert ("VE") Dwight Turner testified at this hearing.  *Id.*

On September 26, 2008, the ALJ entered an unfavorable decision on Plaintiff's disability

applications.  (Tr. 21-32).  In this decision, the ALJ determined Plaintiff met the insured status

requirements of the Act through June 30, 2011.  (Tr. 23, Finding 1).  The ALJ determined Plaintiff

had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2005, her alleged onset date.

(Tr. 23, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: generalized

anxiety disorder; depressive disorder, not otherwise specified; chronic pain syndrome; and

degenerative disc disease.  (Tr. 23-24, Finding 3).   The ALJ, however, also determined Plaintiff did

not have an impairment or combination of impairments that met or medically equaled one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 24, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 24-30, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and determined they

were not entirely credible.  *Id.*   Second, the ALJ determined Plaintiff retained the RFC for the

following:

> After careful consideration of the entire record, the undersigned finds that the claimant
> has the residual functional capacity to lift and carry up to 20 pounds occasionally and
> 10 pounds frequently; that she can stand and walk for 6 hours in an 8 hour work-day;
> that she can sit for a total of 6 hours in an 8 hour work-day.  In addition, the claimant
> would be limited to work where interpersonal contact was incidental to the work
> performed; complexity of tasks were learned and performed by rote; there would be
> few variables; require little judgment; and require simple, direct and concrete
> supervision.  Thus it is concluded the claimant would be capable of performing a wide
> range of unskilled light work (20 CFR 404.1567(b) and 416.967(b)).

(Tr. 24, Finding 5).  Further, the ALJ determined that, on her alleged onset date, Plaintiff was forty-

six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 30, Finding 7). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 30, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined her PRW included work as a waitress (light, semi-skilled), office clerk (light, semi-skilled), and underground cable layer (heavy, semi-skilled). (Tr. 30, Finding 6). Based upon her RFC, the ALJ determined Plaintiff did not retain the capacity to perform her PRW. *Id.* The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 30-31, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 31, 69-70).

Specifically, the VE testified a hypothetical individual with Plaintiff's limitations would be able to perform representative occupations such as a (1) motel cleaner with 125,000 such jobs in Arkansas and the regional economy and 880,000 such jobs in the nation and (2) assembly and production worker with 200,000 such jobs in Arkansas and the regional economy and 1,000,000 such jobs in the nation. (Tr. 31). Based upon this testimony, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy and was not disabled from June 30, 2005 through the date of his decision or through September 26, 2008. (Tr. 31-32, Finding 11).

On October 13, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination. (Tr. 10). *See* 20 C.F.R. § 404.968. On August 27, 2010, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On October 13, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 26, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This

case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff raises the following two arguments: (1) the Appeals Council erred by failing to remand her case based upon the new and material evidence submitted; and (2) the ALJ's RFC assessment is not supported by substantial evidence in the record.  ECF No. 8.  Because this Court finds the ALJ's RFC determination is not supported by substantial evidence in the record, this Court will only address Plaintiff's second argument for reversal.

As noted above, the ALJ issued its disability determination on September 26, 2008, and the case was then sent to the Appeals Council.  (Tr. 21-32).  Thereafter, on May 17, 2010, Plaintiff submitted additional medical records to the Appeals Council.  (Tr. 318-319).  The Appeals Council

received these records and made them a part of the transcript in this action.  (Tr. 5).  These medical

records include treatment notes dating from 2003 until 2009 as well as a mental medical source

statement from Plaintiff's treating physician, Dr. Oladele Adebogun, M.D.[2]  (Tr. 318-344).

With his medical source statement, Dr. Adebogun found Plaintiff had severe restrictions due

to her depression and anxiety.  (Tr. 321).  Notably, Dr. Adebogun found the following: "Client is

unable to maintain focus for any significant amount of time.  Becomes extremely anxious around

people especially in work environment."  *Id.*  This opinion regarding Plaintiff's limitations is also

supported by Dr. Adebogun's treatment records.  (Tr. 322-344).  Additionally, as Plaintiff's treating

physician, the ALJ may have been required to give those opinions controlling weight.  *See* 20 C.F.R.

§ 404.1527(d); 20 C.F.R. § 416.927(d*).*

Further, Dr. Adebogun's opinions are inconsistent with the findings of the ALJ.  The ALJ

determined "[n]o physician or psychiatrist has placed a disabling level of limitations on the claimant."

(Tr. 30).  The ALJ also found Plaintiff had only mild restrictions due to her mental impairments: "In

addition, the claimant would be limited to work where interpersonal contact was incidental to the

work performed; complexity of tasks were learned and performed by rote; there would be few

variables, require little judgment; and require simple, direct and concrete supervision."  (Tr. 24,

Finding 5). Thus, because the findings from Dr. Adebogun may be entitled to controlling weight and

because his opinions are inconsistent with the ALJ's RFC determination, this Court finds the ALJ's

RFC determination is not supported by substantial evidence in the record and must be reversed and

---

[2] Although these medical records were not before the ALJ and were not considered by the ALJ, this Court
can consider these records in determining whether the ALJ's disability determination is supported by substantial
evidence in the record.  *See Bergmann v. Apfel,* 207 F.3d 1065, 1068 (8th Cir. 2000) (holding that in reviewing such
a case, "this court's role is to determine whether the ALJ's decision 'is supported by substantial evidence on the
record as a whole, including the new evidence submitted after the determination was made.'" (quoting *Riley v.
Shalala,* 18 F.3d 619, 622 (8th Cir. 1994)).

remanded for further review of these records.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 18th day of October, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE